## ASSIGNMENT OF DEBTOR'S INTEREST IN ESTATE.

Circuit Court of Summit County.

THE AKRON BUILDING & LOAN ASSOCIATION V. KENT
O. FOLTZ ET AL.

Decided, October 8, 1908.

*Creditors Bill—Third Party Intervening and Claiming the Fund—Issue Thus Raised Triable Without Presence of Debtor—Agreement for Support in Fraud of Creditors.*

1. In an action in the nature of a creditor's bill to subject a debtor's interest in an estate to the payment of a dormant judgment, where a third person intervenes and by cross-petition claims an assignment to himself of all the debtor's interest in the estate, and the plaintiff answers this cross-petition, alleging fraud in such assignment, the issue thus raised between the plaintiff and the debtor's assignee can be litigated, even without proper service upon the debtor, assignee.

2. Where the only consideration for the assignment of a debtor's interest in an estate is the agreement of the assignee to support the assignor for the remainder of her life, the transaction can not stand at the expense of the assignor's creditors; she must pay her creditors before she provides for her own future.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

On February 4th, 1907, the plaintiff brought its action in the nature of a creditor's bill against the defendants, Kent O. Foltz, Birdie A. Foltz and the executors of the estate of Joy H. Pendleton, deceased, to subject the interest of said Birdie A. Foltz in said estate to the payment of a dormant judgment which it held against her and her husband. Service on said petition was had on the defendant executors and the husband, Kent, but Birdie was not found. Service on her by publication was

attempted by notice published once a week for six weeks in the *Akron Times,* beginning August 2, 1907. This notice contained a short statement of the allegations and prayer of the petition.

Meanwhile, on June 3, 1907, Birdie had assigned all her interest in said estate to her brother, Frank W. Rockwell, in consideration of the payment to her by him of $2,000 in cash and the further consideration of the promise and agreement of the said Frank W. Rockwell to provide her with a home and reasonable maintenance and wearing apparel for the rest of her life.

On October 29th, 1907, on his own motion, said Frank W. Rockwell was made a party defendant to the cause with leave to file an answer and cross-petition, which he did on November 4th, 1907, and in it, by denial, raised an issue as to plaintiff's rights under its alleged judgment. In his cross-petition he set up said assignment to him of Birdie's interest in the Pendleton estate, and alleged that he took and received the same in absolute good faith, and that the executors of said estate had paid over to him all of Birdie's interest therein except $1,500. The prayer of this cross-petition is that the petition be dismissed, that the executors be ordered to pay over said $1,500 to him, and that he be confirmed in his ownership of Birdie's interest in said estate, free of any claim of plaintiff's.

On March 30th, 1908, the plaintiff filed its amended answer to this cross-petition of Rockwell, alleging that the assignment to him by Birdie Foltz of her interest in the Pendleton estate was in fraud of her creditors, and asking that the same be set aside and that said funds so assigned to Rockwell be applied in satisfaction of its claim. June 20th, 1908, Rockwell replied to this amended answer of plaintiff's putting in issue the good faith of the transaction between him and his sister Birdie. Other pleadings were filed by and against the defendant executors and certain motions and demurrers were filed in the cause, which, in the view we take of it, it is unnecessary to mention.

The case was finally tried in the common pleas court and judgment being rendered there against the plaintiff, the case is properly here on appeal.

We think that the issue now presented for the determination of this court is the one raised by the cross-petition of defendant, Frank W. Rockwell, the amended answer thereto of the plaintiff, and the reply of defendant, Rockwell. This issue is as to the good faith of the transaction between Rockwell and his sister Birdie. The action thus presented is one of a creditor to set aside a fraudulent transfer of his debtor's property. We deem it immaterial and unnecessary to determine whether or not the original issue tendered by the petition could be prosecuted without service upon Birdie Foltz other than that shown by the publication of notice referred to and whether that petition is insufficient in that it fails to allege an unsatisfied execution upon a living judgment against said Birdie Foltz.

A more serious question, and one which we resolve in favor of the plaintiff with considerable doubt, is whether Birdie Foltz is a necessary party to the issues now pending between the defendant Rockwell and plaintiff. We hold that the published notice is insufficient to charge her with notice of this issue. But we have concluded that the case as it now stands can be tried, though she may not be bound by its results. Whether or not the grantee in an alleged fraudulent conveyance is a necessary party to proceedings by a creditor to set it aside is a question as to which the adjudications do not agree (*20 Cyc. of Law & Proc.*, 711); but we hold that where the grantee of such conveyance is a party and alleges that the entire interest of his grantor in the property transferred has been conveyed to him, a full determination of his rights may be had without the presence of his grantor in the suit (*Wait on Fraudulent Conveyances*, Section 129). If the grantee under the alleged fraudulent conveyance wants an adjudication as between himself and his grantor, let him bring his grantor into the case. It is also immaterial whether plaintiff's claim is reduced to judgment or not. *Combs v. Watson*, 32 O. S., 228.

Having resolved these questions in favor of the plaintiff the only matter left for consideration is whether this transfer by Birdie to her brother Frank of all her interest in the Pendleton estate should stand as against the claims of her creditors. It

appears from the evidence that for the consideration of $2,000 and an agreement to support his sister for the remainder of her life, Frank W. Rockwell has received from the Pendleton executors, or is entitled to receive, over $18,000. However laudable it may be for him to provide for his sister, and however nearly commensurate with his undertaking this compensation may be, the transaction can not stand at the expense of Birdie's creditors. She must pay her creditors before she provides for her own future. Rockwell knew all about the claims of plaintiff when he took the assignment from her and that by it she divested herself of all her property, which otherwise might go to pay her creditors. The authorities are agreed upon this proposition. It is well stated in the case of *Egery* v. *Johnson*, 70 Me., 258.

The prayer of plaintiff's amended answer to defendant Rockwell's cross-petition is, therefore, granted. Decree may be drawn accordingly.

Plaintiff having predicated error to the same judgment of the court of common pleas herein appealed from, as appears by case No. 856 in this court, the appeal being sustained, it follows that the error case must be dismissed for want of jurisdiction.